IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | **Criminal Action No. 1:01-CR-172** |
| v. : | |
| : | **(Chief Judge Kane)** |
| VERNON BARNES, : | |
|     Defendant : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 20, 2001, Defendant Vernon Barnes pleaded guilty to bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). On March 25, 2002, the Court sentenced Barnes to a term of 240-months' imprisonment. Barnes was represented by a court-appointed attorney, L. Rex Bickley, during the proceedings.

After Barnes's sentencing, he appealed the Court's decision to depart upward from the United States Sentencing Guidelines custody range. On January 15, 2004, the United States Court of Appeals for the Third Circuit affirmed the decision of this Court in a non-precedential opinion.

On October 18, 2004, Barnes sent a letter to his former count-appointed counsel, Bickley, requesting his "complete case file" before filing a petition pursuant to 28 U.S.C. § 2255. On October 19, 2004, Bickley responded that he would "have to retrieve the information and [would] have to duplicate it." Additionally, Bickley noted that "[b]ecause I am no longer appointed to represent you I will need to be paid for my secretarial time, photocopying and postage. I will need $350 for this purpose."

On November 27, 2006, Barnes moved for this Court to order Bickley "to provide [Barnes] with the partial criminal file" for his case. (Doc. No. 45.) In his declaration in support

of the motion, Barnes indicated:

> Recently the United States Supreme Court heard a case on oral argument which deals with sentencing issues announced in Apprendi, FanFan, and Blakely. If the High Court rules that these case[s] apply retroactively to cases on collateral review, my cahnce [sic] to file a § 2255 motion will be available again. In this case, the time limit provision of one-year will begin to run from the date the Supreme Court rules in favor of retroactivity.

(Decl. of Barnes ¶ 8.)

In the case that Barnes referred to, Burton v. Stewart, the Supreme Court granted a petition of writ of certiorari to consider whether Blakely applies retroactively. However, in a per curiam opinion issued on January 9, 2007, the Supreme Court expressly did not reach the merits of the retroactivity of Blakely:

> We granted certiorari in this case, 547 U. S. ___ (2006), to determine whether our decision in Blakely v. Washington, 542 U. S. 296 (2004), announced a new rule and, if so, whether it applies retroactively on collateral review. We do not answer these questions, however, because petitioner—a state prisoner seeking postconviction relief from the federal courts—failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b).

Burton v. Stewart, No. 05–9222, slip op. at 1 (Jan. 9, 2007).

This Court notes, however, that the United States Court of Appeals in Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005), held unmistakably that "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued."[1] It is therefore settled jurisprudence within this circuit that

---

[1] Moreover, every circuit court that has considered the issue of whether Booker applies retroactively has held that it does not. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); United States v. Gentry, 432 F.3d 600, 605-06 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States,

Booker does not apply retroactively, and the Supreme Court's decision in Burton has not affected the current sentencing landscape.

More importantly, Barnes has not demonstrated a sufficiently compelling reason for the Court to order his former counsel to provide him with documents that Barnes requested over two years ago related to a sentencing that occurred over four years ago. Thus, his motion is without merit.

**AND NOW**, on this 15th day of February, 2007, upon consideration of Defendant Barnes's motion and for the reasons stated above, **IT IS ORDERED THAT** Defendant Barnes's motion to compel Bickley to provide certain documents (Doc. No. 45) is **HEREBY DENIED**. The Clerk of Court is directed to close the file.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

397 F.3d 479, 481 (7th Cir. 2005); Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1186-88 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); In re Zambrano, 433 F.3d 886, 889 (D.C. Cir. 2006).